UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yeonggi Baek and Jinsu Choi,<br><br>         Plaintiffs,<br>  v.<br><br>Kimganae, Inc. d/b/a Kimganae and Joonho Kim<br><br>         Defendants, | Index No. 21-CV-4933<br><br>**COMPLAINT** |

Plaintiffs, Yeonggi Baek and Jinsu Choi, through their attorneys, for their Complaint against Kimganae, Inc. and Joonho Kim (collectively "Defendants"), state as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiffs. During the course of their employment by Defendants, Plaintiffs regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants never compensated Plaintiffs with the spread of hours pay nor overtime premium. Plaintiffs further allege that Defendants' failure to pay overtime wages is willful and intentional.

## THE PARTIES

2. Plaintiffs are at all times relevant hereto an employee of Defendants.

3. Plaintiffs are at all times relevant hereto an individual employed in the State of New York by Defendants.

4. Plaintiffs at all times relevant hereto resided in the State of New York.

5. Plaintiffs are at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6. Plaintiffs are filing this FLSA claim as an individual action for themselves.

*Plaintiff Yeonggi Baek*

7. For the period commencing on or about August 26, 2016, until October 23, 2020, Plaintiff Yeonggi Baek regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

8. The restaurant was open at 7 a.m. and closed at 11 p.m. before the pandemic.

9. Mr. Baek's regular shift was 9 a.m. to 9 p.m., 10 a.m. to 10 p.m., and/or 11 a.m. to 11 p.m. for 5 to 7 days. But in the case that a co-worker is off or quits, he worked 9 a.m. to 11 p.m. for 7 days. He regularly worked more than 12 hours a day and more than 60 hours per week.

10. Mr. Baek was paid $11.00 per hour in 2016, $12.00 in 2017, $13.00~$15.00 in 2018, $16.00 in 2019, and paid $16.00 per hour in 2020.

*Plaintiff Jinsu Choi*

11. For the period commencing on or about September 2017, until November 2018, Plaintiff Jinsu Choi regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

12. Mr. Choi's regular shift was 9 a.m. to 9 p.m., 10 a.m. to 10 p.m., and/or 11 a.m. to 11 p.m. for 5 to 7 days. But in the case that a co-worker is off or quits, he

worked 9 a.m. to 11 p.m. for 7 days. He regularly worked more than 12 hours a day and more than 60 hours per week.

13. Mr. Choi was paid $12.00 per hour in 2017 and paid $13.00~$14.00 per hour in 2018.

*Both Plaintiffs*

14. Plaintiffs were paid at their hourly rate for their working hours without the one-half (1/2) time of overtime compensation.

15. Plaintiffs performed for Defendants the said hours' work as an expressed condition of their continued employment.

16. Plaintiffs regularly worked more than 40 hours a week and were never paid the proper amount of overtime wages.

17. Plaintiffs performed manual labor at the kitchen for Defendants.

18. Their primary duties are including preparing food and cooking.

19. Plaintiffs were assigned to the said manual labor by Defendants.

20. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

21. Plaintiffs did not have to supply their own tools and equipment connection with their work for Defendants.

22. Plaintiffs were required to report to work for Defendants at a certain time.

23. Plaintiffs could not set their own hours of work for Defendants.

24. Plaintiffs were not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

25. Defendant Joonho Kim ("Kim") is and was at all relevant times hereto engaged in the business of the restaurant.

26. Defendant Kim is and was at all relevant times hereto engaged in interstate commerce.

27. Defendant Kim managed, supervised, established, and administered the terms and conditions of Plaintiffs' employment.

28. Defendant Kim participated in and approved of the unlawful pay practices of the business Kimganae, Inc.

29. Defendant Kim was involved in assigning work to Plaintiffs.

30. Defendant Kim had the power and authority to discipline Plaintiffs.

31. Defendant Kim exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

32. Defendant Kim hired Plaintiffs.

33. Defendant Kim was in charge of paying employees.

34. Defendant Kim told Plaintiffs where to work and when to work.

35. Defendants employed Plaintiffs to do work for them in the State of New York.

36. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

37. Defendants provided the tools and equipment and materials for Plaintiffs to do their job for Defendants.

38. Defendants held Plaintiffs out as employees.

39. Defendants employed and paid Plaintiffs as their employees.

40. Defendants are employers within the meaning of the term as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

41. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

42. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

43. No exemption from overtime applies or applied to Plaintiffs when they worked or works more than 40 hours in a workweek for Defendants.

44. Defendants failed to pay Plaintiffs the overtime premium for all hours worked in excess of 40 hours per workweek.

45. Defendants' failure to pay Plaintiffs at the proper overtime rate was intentional and willful.

46. Kimganae, Inc. is a New York corporation doing business as Kimganae restaurant and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

47. Upon information and belief, Kimganae, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

48. Upon information and belief, Kimganae, Inc., at all relevant times, was an employer as defined by FLSA and NYLL.

49. Defendant Kim is the President of Kimganae, Inc.

## JURISDICTION AND VENUE

50. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C §1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

51. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

52. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages properly to Plaintiffs for all hours worked.

53. For the period commencing on or about August 26, 2016, until October 23, 2020, Plaintiff Yeonggi Baek regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

54. Mr. Baek's regular shift was 9 a.m. to 9 p.m., 10 a.m. to 10 p.m., and/or 11 a.m. to 11 p.m. for 5 to 7 days. But in the case that a co-worker is off or quits, he worked 9 a.m. to 11 p.m. for 7 days. He regularly worked more than 12 hours a day and more than 60 hours per week.

55. Mr. Baek was paid $11.00 per hour in 2016, $12.00 in 2017, $13.00~$15.00 in 2018, $16.00 in 2019, and paid $16.00 per hour in 2020.

56. For the period commencing on or about September 2017, until November 2018, Plaintiff Jinsu Choi regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

57. Mr. Choi's regular shift was 9 a.m. to 9 p.m., 10 a.m. to 10 p.m., and/or 11 a.m. to 11 p.m. for 5 to 7 days. But in the case that a co-worker is off or quits, he worked 9 a.m. to 11 p.m. for 7 days. He regularly worked more than 12 hours a day and more than 60 hours per week.

58. Mr. Choi was paid $12.00 per hour in 2017 and paid $13.00~$14.00 per hour in 2018.

59. Plaintiffs regularly worked more than 40 hours a week and were never paid the proper amount of overtime wages.

60. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

61. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

62. Plaintiffs were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

63. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

64. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

65. Defendants' failure and refusal to pay overtime premium at one and one-half times Plaintiffs' rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

66. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of NYLL - Overtime Wages

67. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

68. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

69. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

70. Pursuant to 12 NYCRR §142-2.2, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

71. Defendants failed to compensate Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual workweeks.

72. Defendants violated the NYLL overtime wage law by not compensating Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual workweeks.

73. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Spread of Hours

74. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an

employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

75. Plaintiffs regularly worked a "spread of hours" greater than ten (10) hours per day.

76. Defendants never paid Plaintiffs any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

77. Defendants knowingly and willfully failed to pay Plaintiffs any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid spread of hours for all number of days they worked more than ten (10) hours in a day;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Time of Hire Wage Notice Requirement Violation

78. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

79. The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

80. Defendants intentionally failed to provide notice to employee in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle, and rate of overtime at the Time of Hire or on their first day of employment.

81. Defendant not only failed to provide notice to Plaintiffs at the Time of Hire but also failed to provide notice to Plaintiffs even after the fact.

82. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;
B. Reasonable attorney's fees and costs incurred in filing this action; and
C. Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Pay Stub Requirement

83. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

85. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs and did not provide the paystub on or after Plaintiffs' payday.

86. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law §198(1-d).

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide pay stubs as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: September 1, 2021

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
222 Bruce Reynolds Blvd

Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: Joonho Kim

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiffs Yeonggi Baek and Jinsu Choi intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

Kimganae, Inc. *d/b/a* Kimganae

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on her behalf.

Dated: September 1, 2021
      Fort Lee, NJ

                                        Ryan Kim Law, P.C.
                                        *Attorneys for Plaintiffs*

                                        */s/ Ryan Kim*
                                        Ryan Kim
                                        222 Bruce Reynolds Blvd. Suite 490
                                        Fort Lee NJ 07024
                                        Tel: (718) 573-1111
                                        Email: ryan@ryankimlaw.com

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

        Kimganae, Inc. *d/b/a* Kimganae

---

        **PLEASE TAKE NOTICE**, that Plaintiffs Yeonggi Baek and Jinsu Choi as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

        **PLAINTIFF HEREBY DEMANDS** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: September 1, 2021
       Fort Lee, NJ

                                        Ryan Kim Law, P.C.
                                        *Attorneys for Plaintiffs*

                                        */s/ Ryan Kim*
                                        Ryan Kim
                                        222 Bruce Reynolds Blvd. Suite 490
                                        Fort Lee NJ 07024
                                        Tel: (718) 573-1111
                                        Email: ryan@ryankimlaw.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff(s) hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com



Under the FLSA and NYLL, taking **adverse actions** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **ILLEGAL** and **PUNISHABLE BY LAW**.

# Consult your attorney

# Settlement under the table is <u style="color:red">prohibited</u> by the law.



> Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

# <u style="color:red">Consult your attorney.</u>